UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HANKINS,                               No. 09-13395

          Plaintiff,                       District Judge Arthur J. Tarnow

v.                                             Magistrate Judge R. Steven Whalen

CITY OF INKSTER, ET AL.,

          Defendants.
_____ /

## ORDER DENYING MOTION FOR RECONSIDERATION

On December 14, 2010, I entered an order [Docket #45] granting in part and

denying in part Defendants' Motion to Quash. Before the Court is Plaintiff's motion for

reconsideration of that Order [Docket #49].

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which

provides:

> "(3) *Grounds*.  Generally, and without restricting the court's discretion, the
> court will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or by
> reasonable implication.  The movant must not only demonstrate a palpable
> defect by which the court and the parties have been misled but also show
> that correcting the defect will result in a different disposition of the case."

In the present motion for reconsideration, Plaintiff states, "It is believed that the

Court indicated on the record that Defendant would produce all text messages mentioning

or referring to Plaintiff *and* racial statements and other evidence of discrimination by the

Chief or other City officials." *Brief in Support of Motion for Reconsideration*, ¶ 1.  I have

reviewed the recording of the December 14, 2010 hearing, and Plaintiff is half right. I did

order that Defendant produce text messages from April 1, 2009 through August 31, 2009

that mention John Hankins. However, I did not order production of "racial statements" or

broad-ranging material that did not specifically refer to John Hankins. To the contrary, I was careful to point out that as framed, Plaintiff's request was not only overly broad, but contravened my earlier order denying production of Chief Gaskins' text messages. I ordered that Defendant produce only those texts that discussed employment related matters *pertaining specifically to John Hankins*. I also stressed that the discovery I was permitting was very narrow, both in terms of the types of text messages and the time frame. In fact, I granted Plaintiff's request–made while I was stating my ruling–that the time frame be extended back two months, from June 1, 2009 to April 1, 2009. Having given Plaintiff an inch, he now wants a mile.

Plaintiff has not shown "a palpable defect by which the court and the parties have been misled" or that correcting any defect would result in a different disposition of its motion.

Accordingly, Plaintiff's motion for reconsideration [Docket #49] is DENIED.

SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: December 29, 2010

---

### CERTIFICATE OF SERVICE

I hereby certify on December 29, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 29, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217