UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HANKINS,                               No 09-13395

        Plaintiff,                          District Judge Arthur J. Tarnow

v.                                             Magistrate Judge R. Steven Whalen

CITY OF INKSTER, ET AL.,

        Defendants.
                                                              /

## ORDER

Before the Court are the following motions:

-The "Guzall Parties Answer to Seifman's Motion to Reopen *and* Counter Motion to Re-Open the Case and Hold a Hearing to Determine the Illegal Acts of Barry A. Seifman" **[Doc. #143]**.

-Barry A. Seifman's Motion to Strike Guzall's motion no. 143 **[Doc. #146]**.

-Motion for Order to Show Cause why Guzall Should not be Held in Contempt and Motion for Sanctions **[Doc. #147]**.

### Motion #143

I have entered an order reopening this case for the purpose of deciding the attorney fee motion. The "Guzall Parties'" counter-motion to reopen [Doc. #143] is therefore DENIED AS MOOT. The Court has already determined the scope of the hearing on attorney fees. The request to "hold a hearing to determine the illegal acts of Barry A. Seifman" is DENIED.

**Motion #146**

Having denied Guzall's motion [Doc. #143], Seifman's motion to strike [Doc. #146] is DENIED.

**Motion #147**

Mr. Seifman's motion for order to show cause and for sanctions [Doc. #147] is DENIED. Mr. Guzall argues that the outcome of the Oakland County case has a bearing on attorney fees in this case, even though the fees in this case were not part of the Oakland County case. Mr. Seifman argues that by referring to matters unrelated to the Hankins case, Mr. Guzall has brazenly defied this Court's order limiting the scope of these proceedings.

Enough, already. As indicated above, there is going to be no hearing to determine the alleged "illegal acts of Barry A. Seifman." And there are going to be no sanctions, at least not at this point. Instead, I am going to read all of the pleadings, including the original motion and response, the post-hearing supplemental briefs, and the pleadings that have been filed since the Oakland County case settled, and I am of course going to weigh the testimony that was offered at the January 23, 2013 evidentiary hearing. Let it not be said that the parties and the attorneys have not had their say. The Court is perfectly capable of separating the wheat from the chaff, from determining what is relevant and what is not, and what is within the proper scope of the proceedings and what is not.

Finally, no further pleadings will be filed in this case without first obtaining leave of the Court.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 8, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 8, 2016, electronically and/or by U.S. mail.

                              s/Carolyn M. Ciesla
                              Case Manager to the
                              Honorable R. Steven Whalen