UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HANKINS,                                  No. 09-13395

       Plaintiff,                                District Judge Arthur J. Tarnow

v.                                                Magistrate Judge R. Steven Whalen

CITY OF INKSTER, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Third-Party Plaintiffs Barry Seifman and Barry A. Seifman P.C.'s Motion for Order for the Withdrawal of Funds Held in an Interest-Bearing Account [ECF No. 170]. For the reasons and under the terms discussed below, I recommend that the motion be GRANTED.[1]

## I.  BACKGROUND

On February 21, 2012, the case settled. On April 26, 2012, Plaintiff Hankins filed a motion for determination of attorney fees and costs [ECF No. 109]. On May 2, 2012, Barry Seifman and Barry A. Seifman P.C. were granted leave to intervene as Third Party

---

[1] Because this is a post-judgment motion, I must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

Plaintiffs [ECF No. 113], and on May 4, 2012 they filed their third party complaint [ECF No. 115].

The matter was referred to me to determine the division of fees between Attorney Raymond Guzall and Barry Seifman.[2] Guzall was a shareholder in the Seifman law firm at the time this suit was filed, but had left the firm at the time the case settled. On May 8, 2012, I entered an amended order directing that Defendant City of Inkster "remit funds representing the attorney fees and costs, as set forth in the settlement agreement in this case, to the Clerk of this Court, for deposit in an interest-bearing escrow account in accordance to Local Rule 67.1." [ECF No. 117].

I held an evidentiary hearing on January 23, 2013. Then, on March 27, 2013, the Court held the motion in abeyance and administratively terminated the matter without prejudice, pending resolution of Oakland County Circuit Court litigation between Guzall and Seifman [ECF No. 140].

Time passed. Eventually, the Oakland County matter was resolved when both parties accepted a case evaluation award. The attorney fee motion in this case was reopened on March 7, 2016 [ECF No. 153]. On March 8, 2016, I entered an order disposing of a number of motions [ECF No. 154]. Rejecting Mr. Guzall's repeated

---

[2] At its core, this is a dispute between attorneys Seifman and Guzall. Original Plaintiff John Hankins has received his share of the settlement. For simplicity's sake, I will refer to Third-Party Plaintiffs Barry Seifman and Barry A. Seifman P.C. as "Seifman" and to Third-Party Defendants as "Guzall."

attempts to expand the scope of the present motion to include matters that were (or could have been) presented and decided in the Oakland County case, including his allegations of improper conduct on the part of Mr. Seifman, I ordered that no further pleadings would be filed without first obtaining leave of the Court.  This order was clearly directed at pleadings that might be filed prior to my ultimate Report and Recommendation:

> "Enough, already. As indicated above, there is going to be no hearing to determine the alleged "illegal acts of Barry A. Seifman." And there are going to be no sanctions, at least not at this point. Instead, I am going to read all of the pleadings, including the original motion and response, the post-hearing supplemental briefs, and the pleadings that have been filed since the Oakland County case settled, and I am of course going to weigh the testimony that was offered at the January 23, 2013 evidentiary hearing. Let it not be said that the parties and the attorneys have not had their say. The Court is perfectly capable of separating the wheat from the chaff, from determining what is relevant and what is not, and what is within the proper scope of the proceedings and what is not.
>
> Finally, no further pleadings will be filed in this case without first obtaining leave of the Court." [ECF No. 154, PageID.3710].

On December 8, 2017, I issued my Report and Recommendation ("R&R), in which I recommended that Mr. Guzall be awarded 25% of the Hankins fee, plus $24,000.00, with the remaining portion of the fee being awarded to Mr. Seifman. [ECF No. 155, PageID3722].  On May 16, 2018, Judge Tarnow overruled Plaintiff's objections, adopted my R&R, and granted Seifman's motion for attorney fees and costs [ECF No. 159]. He entered judgment on the same date [ECF No. 160].  Plaintiff, Raymond Guzall, and Raymond Guzall III, P.C. filed a Notice of Appeal on May 31, 2018 [ECF No. 162]. Mr. Seifman filed a motion for disbursement of funds on May 31, 2018 [ECF No. 161]. On

June 15, 2018, the Court entered a stipulated order withdrawing the motion for disbursement and staying the execution of judgment "pending final determination of the appeal in this case." [ECF No. 166]. On March 22, 2019, the Sixth Circuit, finding no error in Judge Tarnow's opinion or my R&R, affirmed the judgment [ECF No. 167]. The Sixth Circuit issued its mandate on June 5, 2019 [ECF No. 169], and the United States Supreme Court denied a writ of certiorari on November 12, 2019. *John Hankins, et al. v. Barry Seifman, et al.*, S.Ct. No. 19-480.

## II.  DISCUSSION

### A.  Withdrawal of Funds

Mr. Seifman filed the present motion for withdrawal of funds [ECF No. 170] on June 11, 2019, after the Sixth Circuit issued its mandate, but before Mr. Guzall filed his petition for writ of certiorari in the Supreme Court. In response, Guzall argues that Seifman violated this Court's March 8, 2016 order [ECF No. 154] that no further pleadings be filed without first obtaining leave of the Court, and that Seifman also violated the stipulated order of June 15, 2018 staying the execution of judgment "pending final determination of the appeal in this case." [ECF No. 166].

First, Seifman did not violate my 2016 order directing that leave of the Court be obtained before any more pleadings would be filed. That order was clearly and solely directed at pleadings and motions *prior to* my R&R on the underlying motion to determine the division of attorney fees. The impetus for my order was the proliferation of

filings–including those of Guzall–dredging up issues, such as Seifman's alleged misconduct, that I had already ruled were irrelevant. My 2016 order did not apply to post-R&R filings. This was certainly Guzall's understanding of the order as well, since he filed objections to my R&R without first seeking leave of the Court. *See* ECF No. 156.[3]

Nor do I find that Seifman wilfully violated the stipulated order staying execution of judgment pending appeal. Guzall's appeal by right ended when the Sixth Circuit issued its mandate on June 5, 2019. The petition for certiorari is discretionary. In fact, the very cases that Mr. Guzall cited in his opposition to Seifman's original motion for disbursement stressed that stays of proceedings were necessary "to permit any party aggrieved by this order to seek relief from the United States Court of Appeals for the Sixth Circuit." *Guzall's Response*, ECF No. 165, PageID.4020-21, quoting *Idalski v. Crouse Cartage Co.*, 229 F.Supp.2d 730, 743 (E.D. Mich. 2002); *see also Union Sec. Ins. Co. v. Blakely*, 2009 WL 10679608, *1 (S.D. Ohio 2009)("Maintaining the funds in the Court's registry guarantees that the Court of Appeals' decision will lead to the full satisfaction of the resulting judgment.").

Of course now that the Supreme Court has denied certiorari, the question of precisely when the appeal ends is moot. It has ended, and there is no arguable bar to releasing the funds under the terms of Judge Tarnow's order [ECF No. 159] and judgment

---

[3] But lest there be any misunderstandings, I am, by separate order, rescinding that portion of the March 8, 2016 order *nunc pro tunc* to December 8, 2017, the date I issued my R&R.

[ECF No. 160].

### B.   Attorney Fees and Costs under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides for an award of attorney fees and costs against "[a]ny attorney or other person admitted to conduct cases in any court of the United States of any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously...." As discussed above, Mr. Seifman has not violated any of this Court's orders, and has not litigated or multiplied the proceedings in the underlying attorney fee motion unreasonably or vexatiously. Guzall is not entitled to fees and costs under § 1927.

### C.   Guzall's Request for Evidentiary Hearing

Contending that the December 8, 2017 R&R "appears to be incorrect" as to the hours that he worked in the three weeks after he left Seifman's firm, *see* Guzall's response brief, ECF No.172, PageID.4062-63, Mr. Guzall requests an evidentiary hearing to reopen that question:

> "Based upon the factual and legal errors, should the Parties Seifman's June 11, 2019 Motion be entertained by the court, a hearing would be required to allow proofs illustrating attorney Guzall's hours worked in the Hankins case past the hearing held by the trial court in January 21, 2013 and to determine his hourly rate in the year 2018." ECF No. 172, PageID.4063 (emphasis in original).

Mr. Guzall raised this issue in his objections to the R&R, where he argued that my conclusion that he claimed 155.5 hours in the three weeks after he left the Seifman firm was incorrect, and that the figure of 155.5 hours did not include time he spent on the case *after* January 21, 2013. He argued that he had not been given the opportunity "to properly

-6-

present the actual amount of hours he worked upon this case," *See* Objections to Report and Recommendation, ECF No. 156, PageID.3750-51. In the objections, Mr. Guzall also argued that he should be allowed to present evidence that his hourly rate was $500.00 per hour. *Id*. In his opinion accepting the R&R, Judge Tarnow rejected Guzall's arguments:

> "Mr. Guzall also argues that he was denied a fair opportunity to 'properly present' the actual amount of his hourly attorney rate and the number of hours he worked. *Id*. at 23. This is completely nonsensical given that, prior to the evidentiary hearing, the Magistrate Judge informed the parties that the testimony at the hearing would be confined to, among other things, '[t]he attorney time expended in this case by Mr. Guzall and by Mr. Seifman,' as well as 'he hourly rates charged by Mr. Guzall and by Mr. Seifman." ECF No. 159, PageID.3995.

The Sixth Circuit affirmed Judge Tarnow's opinion in its entirety, including Court's determination of Mr. Guzall's hourly rates and costs:

> "And as to Guzall's costs, *see* Appellant Br. p. 5 (issues 7 and 8 in the Statement of Issues Presented), based on the factual record before us, the district court did not abuse its discretion in conducting the evidentiary hearing or determining his hourly rate and costs. *See Ecclestone, Moffett & Humphrey, P.C. v. Ogne, Jinks, Alberts & Stuart, P.C.*, 441 N.W.2d 7, 8 (Mich. Ct. App. 1989)(explaining 'that the court has the discretion to assess reasonable attorney fees; there is no requirement for the court to assess actual attorney fees')." *Sixth Circuit Opinion*, ECF No. 167, at p.5.

Not being satisfied with four bites of the apple–myself, Judge Tarnow, the Sixth Circuit, and the Supreme Court–Mr. Guzall now apparently wants the whole apple. But his current request to reopen the issue by way of an evidentiary hearing is precluded under the law of the case doctrine, and should be denied.

### D.  Proportion of Disbursement of Funds

Judge Tarnow's order and judgment in this case provided as follows:

"**IT IS FURTHER ORDERED** that the attorney fee shall be divided between Barry Seifman and Raymond Guzall, with Mr. Guzall receiving 25% plus an additional $24,000.00, and Mr. Seifman receiving the remainder."  ECF No. 159, PageID.3966.

Because the settlement funds were deposited in an interest-bearing account, Seifman and Guzall are entitled to proportional shares of the earned interest as well.  And Mr. Guzall is correct that he should be entitled to interest on his $24,000.00 payment as well as on his 25% share.  Therefore, the funds should be distributed as follows:

-$24,000.00 to Mr. Guzall, plus interest on $24,000.00 computed from the date the Clerk deposited the funds in an interest-bearing account.

-Twenty-five percent of the remainder to Mr. Guzall.

-Seventy-five percent of the remainder to Mr. Seifman.

### III.  CONCLUSION

I recommend that Seifman's Motion for Order for the Withdrawal of Funds Held in an Interest-Bearing Account [ECF No. 170] be GRANTED, and that the settlement funds be distributed as follows:

-$24,000.00 to Mr. Guzall, plus interest on $24,000.00 computed from the date the Clerk deposited the funds in an interest-bearing account.

-Twenty-five percent of the remainder to Mr. Guzall.

-Seventy-five percent of the remainder to Mr. Seifman.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: November 14, 2019         s/R. Steven Whalen
                                 R. STEVEN WHALEN
                                 UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify on November 1, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants November 14, 2019.