UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HANKINS,

      Plaintiff,

v.

CITY OF INKSTER, ET AL.,

      Defendants.

_____/

Case No. 09-13395

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER ADOPTING REPORT AND RECOMMENDATION [177]; OVERRULING PLAINTIFF'S OBJECTION [179]; AND GRANTING SEIFMAN'S MOTION FOR DISBURSEMENT OF FUNDS HELD IN AN INTEREST BEARING ACCOUNT [170]**

Plaintiff John Hankins filed a Complaint against Defendants City of Inkster and Gregory Gaskin on August 27, 2009. [Dkt. # 1]. The case settled, and the settlement agreement was placed on the record on February 21, 2012. During the pendency of the case, Plaintiff's attorney, Raymond Guzall, left his firm. Following the settlement, Guzall and his former partner, Barry Seifman, began litigating the division of the attorneys fees. The Report and Recommendation before the Court arises from this dispute.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a Motion for Attorney Fees and Costs [109] on April 26, 2012. The Court administratively terminated Plaintiff's motion on March 27, 2013 [140],

so Guzall and Seifman could litigate their case in state court. The case was reopened on March 7, 2016 [153].

On December 8, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [155] recommending that the Court grant Plaintiff's Motion for Attorney Fees and Costs and divide the fees between Guzall and Seifman. Guzall filed an Objection [156] to the R&R on December 21, 2017. The Court overruled that Objection and adopted the R&R in its May 16, 2018 Order [159]. Guzall appealed on May 31, 2018, and the Sixth Circuit affirmed the Court's ruling in a March 22, 2019 Opinion [167].

The Sixth Circuit summarized the Magistrate Judge's determination and the district court's review as follows.

> The magistrate judge held a hearing but limited admissible evidence and argument to six issues: (1) the Firm's shareholder agreement between Seifman and Guzall; (2) when Guzall quit the Firm and when he told Seifman; (3) when and how Hankins told Seifman and Guzall he was firing the Firm; (4) when and how Hankins retained Guzall; (5) when and how Guzall took the Hankins file from the Firm; and (6) the hours Guzall and Seifman each spent on the case, their hourly rates, and whether Seifman was entitled to compensation in quantum meruit. The magistrate judge expressly and emphatically barred evidence, argument, or discussion regarding misconduct, specifically Guzall's accusations against Seifman: "We will not try the [Michigan state court] lawsuit de facto in the context of this evidentiary hearing on attorney fees." Three witnesses testified at the hearing (Hankins, Guzall, and Seifman), and the magistrate judge admitted several documents, including the shareholder agreement. It was established that, at the time he left, Guzall was a 25% shareholder in the Firm. Guzall insisted the shareholder agreement was not a fee splitting agreement whereas Seifman insisted that it was.

>       The magistrate judge issued a Report and Recommendation, which the district court, after thoroughly addressing and overruling Guzall's objections to it, adopted as its final judgment. The district court determined that Guzall's individual work on the case was reasonably quantified at 80 hours, at $300 per hour, for direct compensation of $24,000. The court did not award Seifman any direct compensation for work on the case. Further, the court determined that the shareholder agreement was effectively a fee-splitting agreement, and the Hankins case was a corporate asset subject to that contractual agreement, but which Guzall had taken from the Firm. Therefore, the court held that Guzall was entitled to 25% of the Hankins contingency fee and the Firm (Seifman) to 75%. The court rejected Guzall's claims that Seifman breached the agreement and committed illegal acts, criticizing those claims as "improper attempts to circumvent the findings and conclusions of the Michigan state courts" and concluding that Guzall "previously agreed to dispose of those claims in the [Michigan state court] case." Guzall had agreed that the district court— rather than the state court—would decide the contingency-fee issue and the district court explained that resolving attorney fee disputes is part of the overall litigation. Thus, its admission of Seifman into the suit and its judgment on that issue were not improper. Finally, the court rejected Guzall's claims that he was denied a fair opportunity to present evidence, as he was invited to and did present evidence at the hearing.

*Hankins v. City of Inkster, et al*, 768 Fed. Appx. 304, 305-06 (6th Cir. 2019).

On May 28, 2019, the Sixth Circuit declined to rehear the case en banc. Guzall then filed a petition for a writ of certiorari with the United States Supreme Court, but the Supreme Court denied the petition on December 5, 2019 [181].

Following the Sixth Circuit's decision, Seifman filed a Motion for Disbursement of Funds Held in an Interest Bearing Account [170]. He sought his share of the (then) $578,571.00 held in escrow. The Court referred [174] that motion to the Magistrate Judge on August 1, 2019. The Magistrate Judge then issued a Report and Recommendation ("R&R") [177] in accordance with 28 U.S.C. §

636(b)(1)(b). The R&R advised the Court to grant Seifman's motion and disburse the funds in accordance with its previous order. Guzall has since objected to this R&R, and the objection is fully briefed.

## ANALYSIS

The Magistrate Judge advises the Court to grant Seifman's motion to withdraw his funds from the escrow account, on the grounds that the Court had properly and finally determined the proper allocation of the funds.

In his objections, Guzall challenges the Magistrate Judge's authority to make a decision on the allocation of funds. Guzall quotes a February 17, 2012 minute entry from a status conference before the Court which uses the word "lien," and then he quotes from two cases which refers to liens as rights one has for funds resulting from his or her services. Guzall then deduces that the sole issue for the Magistrate Judge to determine was "the services rendered by Seifman." (Dkt. 1789, pg. 2).

This argument is frivolous. On June 8, 2012, the Court issued an order [124] referring Seifman's motion for attorneys fees [109] to the Magistrate Judge. On July 22, 2015, it issued an order [142] referring the Motion to Reopen the Case for Determinations of Attorneys Fees and Costs [142] to the Magistrate Judge. These referrals were without limitation and done in accordance with 28 U.S.C. § 636(b). Even if the Magistrate Judge had exceeded the scope of the

referral, he did so in a Report and Recommendation according to § 636(b)(1)(B), not an order. This Court considered the issues de novo and rendered an independent judgment when it decided on May 16, 2018 to adopt the R&R and grant Seifman's motion. (*See* Dkt. 159).

That order was affirmed on appeal, and the Court will not consider further collateral attacks on the fee breakdown, which has already been exhaustively litigated. Guzall vociferously objects to the Sixth Circuit's decision in his objection. His right to be heard on those objections was with his petition for rehearing en banc and his petition for a writ of certiorari. The Court's role now is to disburse the funds that Seifman and Guzall are owed. That role does not provide it with the authority or inclination to second-guess the appellate courts' reasoning.

Further, Guzall argues that Seifman deserves sanctions for violating the Magistrate Judge's March 8, 2016 Order that the parties seek leave of the Court before filing additional pleadings. (*See* Dkt. 154, pg. 2). This argument is equally frivolous.

> First, the Magistrate Judge clarified the bounds of this Order in his R&R.
>
> That order was clearly and solely directed at pleadings and motions prior to my R&R on the underlying motion to determine the division of attorneys fees. The impetus for my order was the proliferation of filings—including those of Guzall—dredging up issues, such as Seifman's alleged misconduct, that I had already ruled were irrelevant.

R&R 4-5.

The Magistrate Judge noted that before Seifman filed his motion to withdraw funds, Guzall had filed an Objection [156] without seeking leave of the Court. Guzall points to this argument as evidence of the Magistrate Judge's bias, noting that the R&R, like all R&Rs, contained a provision on how objections were to be filed. This objection misses the Magistrate Judge's point, which wasn't that Guzall acted improperly by filing briefs without his leave, but was rather that neither party behaved improperly by doing so after the R&R issued. Guzall's right to file an objection was never in question, because the only reasonable interpretation of the Magistrate Judge's Order was that further filings were not permitted while he decided the attorneys fee issue which had been referred to him. There would be no reason for a Magistrate Judge, who had been referred a few specific motions, to take on the role of screening all future motions to be filed on a case.

Second, even if Seifman had flagrantly violated a case management order, sanctions are in the discretion of the Court. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Guzall seems to suggest that he is entitled to block the disbursement of the funds to which Seifman is entitled, because the Court could have grounds to issue sanctions against Seifman. This is absurd. Even if Seifman's motion to disburse the funds to which the Court had just ruled

he was entitled *did* violate a Court order, sanctioning him to the tune of several hundred thousand dollars would not be the appropriate remedy. Guzall fails to show how Seifman's alleged violation of a case management order aimed at promoting judicial economy entitles Guzall to a greater share of the escrow account.

Third, and finally, Guzall argues that by failing to credit his argument, the Magistrate Judge has revealed his bias for Seifman. "[A] judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)). Guzall hasn't produced a shred of evidence to question the Magistrate Judge's impartiality. Declining to sanction a party for an imagined violation of a case management order is not evidence of bias.

## CONCLUSION

This issue was definitively settled when the Supreme Court declined Guzall's petition for a writ of certiorari. Guzall has not made any showing why Seifman should not be permitted to withdraw the funds that are lawfully his. Both parties will be permitted to withdraw their share of the funds immediately.

The Court having reviewed the record, the Report and Recommendation [177] is hereby **ADOPTED** and entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [179] is **OVERRULED**

**IT IS FURTHER ORDERED** that Seifman's Motion for Disbursement of Funds Held in an Interest Bearing Account [170] is **GRANTED**.

**IT IS FURTHERED ORDERED** that the attorney fee shall be divided between Barry Seifman and Raymond Guzall, with Mr. Guzall receiving 25% plus an additional $24,000.00, and Mr. Seifman receiving the remainder.

**SO ORDERED**.

Dated: January 10, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge